■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v ZYMURGY, INC., et al., Respondents-Appellants. [649 NYS2d 662] —Order, Supreme Court, New York County (Rob-

ert Lippmann, J.), entered August 30, 1995, which, in a proceeding brought by the Attorney-General pursuant to Not-For-Profit Corporation Law § 1101 (a) to dissolve the corporate existence of respondent Zymurgy, Inc., denied the application and dismissed the petition, denied as moot petitioner's motion for leave to conduct disclosure, and dismissed respondents' counterclaims for damages, sanctions and attorneys' fees, unanimously modified, on the law and the facts, to the extent of reinstating the petition, and granting the motion for disclosure subject to the further order of Supreme Court as to proper scope, and otherwise affirmed, without costs.

The petition alleges sufficient facts to support its causes of action, and the papers raise issues that cannot be summarily determined (CPLR 409 [b]). First, the papers establish that Zymurgy shares a post office box with another organization, NAMBLA, which does not have not-for-profit status, and declares in a newsletter that Zymurgy was incorporated in order to carry on some of NAMBLA's functions; respondents admit that there have never been any meetings of Zymurgy's directors, as required by N-PCL 701. These facts lend support to petitioner's claim that Zymurgy is actually being controlled by NAMBLA and that charitable contributions are being funneled to NAMBLA through Zymurgy. Second, petitioner submits a copy of a magazine, published by "Zymurgy", that contains numerous pornographic photographs of what appear to be minor boys. Respondents' assertion that the magazine is published by a Delaware corporation, also named "Zymurgy", and that all the nude models in the magazine are at least 18 years old, is supported only by an undated affirmation of counsel, who does not have personal knowledge of the facts, and is therefore of no probative value (*Zuckerman v City of New York*, 49 NY2d 557, 563). An issue is thereby raised as to whether respondents engaged in conduct violating Penal Law article 263. Third, another NAMBLA newsletter indicates that Zymurgy not only intended to solicit funds, but that it actually did so, lending support to petitioner's claims that respondents failed to register with the Attorney-General pursuant to Executive Law § 172 (1) and EPTL 8-1.4 (d) and (f). The existence of such issues shows a need for disclosure (CPLR 408), and the matter is therefore remanded to Supreme Court to consider any appropriate limitations or conditions in connection therewith. Concerning the cross appeal, since the petition has merit, and respondents have failed to show that the proceeding was commenced in retaliation for the exercise of First Amendment rights, Supreme Court properly dismissed respondents' counterclaims for damages, sanctions and attorneys' fees.

We note that this appeal has not been rendered moot by the legislative dissolution of Zymurgy, because the petition for dissolution requests various other relief. Moreover, we find that to the extent any issues on this appeal are moot, they nevertheless warrant invocation of the exception to the mootness doctrine delineated in *Matter of Hearst Corp. v Clyne* (50 NY2d 707). Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.